IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MYRISSA D. NOSAL,<br><br>Plaintiff,<br><br>vs.<br><br>LATRICE MARTIN, APRN-CNM; RACHAEL RICE, APRN-CNM; and THE MIDWIFE'S PLACE, LLC | 8:18-CV-14<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Myrissa D. Nosal, for her cause of action against the Defendants, alleges and states:

**PARTIES AND JURISDICTION**

1. Plaintiff is a resident of Yankton, South Dakota.

2. At all times relevant to this action, Defendant Latrice Martin, APRN-CNM was a certified nurse midwife practicing medicine in Bellevue, Sarpy County, Nebraska and held herself out to be a skilled and competent healthcare provider, capable of rendering appropriate care and treatment for a mother and baby during and after childbirth.

3. At all times relevant to this action, Defendant Rachael Rice, APRN-CNM was a certified nurse midwife practicing medicine in Bellevue, Sarpy County, Nebraska and held herself out to be a skilled and competent healthcare provider, capable of rendering appropriate care and treatment for a mother and baby during and after childbirth.

4. Defendant The Midwife's Place, LLC (hereinafter "Midwife's Place LLC") is a professional corporation with a principal place of business in Bellevue, Sarpy County,

Nebraska and is and was in the business of providing health care and treatment relating to pregnancy, labor, and delivery in Sarpy County, Nebraska through its agents, employees, and partners, including Defendants Martin and Rice.

5. Midwife's Place is vicariously liable for the acts and omissions of its agents, employees, and officers, including Defendants Martin and Rice, both of whom are believed to be employees on January 30, 2016 and thereafter.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as Plaintiff is a citizen and resident of South Dakota and each of the Defendants are citizens and residents of the State of Nebraska and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. The acts and omissions complained of occurred in Bellevue, Sarpy County, Nebraska.

## NEBRASKA HOSPITAL-MEDICAL LIABILITY ACT

8. Plaintiffs believe that on January 30, 2016 the Defendants had not elected to come under the provisions of the Nebraska Hospital-Medical Liability Act, *Neb. Rev. Stat.* §§ 44-2801 et seq. and did not qualify as healthcare providers pursuant to the Act.

9. If it is proven that the Defendants had elected to come under the provisions of the Nebraska Hospital-Medical Liability Act, *Neb. Rev. Stat.* §§ 44-2801 et. seq. on January 30, 2016, Plaintiffs allege that such Act is unconstitutional in whole or in part because it violates the Fourteenth Amendment of the Constitution of the United States, together with Article I, Sections 1, 3, 13, 16, and 25, and Article III of the Constitution of the State of Nebraska.

10. If it is proven that the Defendants had elected to come under the provisions of the Nebraska Hospital-Medical Liability Act, *Neb. Rev. Stat.* §§ 44-2801 et. seq. on January 30, 2016, Plaintiff waives her right, if any right is given under *Neb. Rev. Stat.* § 48-2840(4) (Reissue 1998), to a panel review, and elects to proceed with her Complaint in this Court.

11. A copy of this Complaint has been served upon the Director of the Nebraska Department of Insurance, together with a copy served upon the Attorney General for the State of Nebraska, by certified mail as provided by law.

## FACTUAL ALLEGATIONS

12. On January 30, 2016, Plaintiff Myrissa Nosal was admitted to the Defendant Midwife's Place for care, treatment, and management of the labor and delivery of her son, Soul Sudbeck.

13. Plaintiff undertook care and treatment for her pregnancy with the Defendants Nurse Rice and Nurse Martin and Midwife's Place, and each of them, pursuant to their representations that each was competent to safely manage obstetrical patients before, during, and after childbirth.

14. Plaintiff was traumatized, damaged, and suffered permanent and ongoing physical and mental injuries, including injury to her perineum. Plaintiff seeks all damages allowed by law due to the negligence of the Defendants and each of them, as further described below.

## I.

## NEGLIGENCE OF DEFENDANT RACHAEL RICE, APRN-CNM

15. Plaintiff incorporates paragraphs 1-14 as if set forth here.

16. Defendant Rachael Rice, APRN-CNM held herself out to the public and to Plaintiff Myrissa Nosal, as competent and qualified in the field of obstetrics, pregnancy, and childbirth, and capable of managing care of mothers post-delivery.

17. Defendant Nurse Rice undertook and provided medical care to Myrissa Nosal and her child, Soul, and participated in and directed the management of Myrissa Nosal's prenatal care, labor, delivery, and post-delivery medical care before, on, and after January 30, 2016.

18. Defendant Nurse Rice had a duty to act as a reasonable and prudent healthcare provider in caring for Plaintiff Myrissa Nosal and her son, Soul.

19. Defendant Nurse Rice was negligent and deviated from the applicable standard of care in her care and treatment of Plaintiff Myrissa Nosal.  Nurse Rice's acts and omissions fell below the applicable standard of care, in one or more of the following particulars:

   a. Failing to properly diagnose Plaintiff's perineal laceration post-delivery of Plaintiff's child;

   b. Failing to properly treat Plaintiff's perineal laceration post-delivery of Plaintiff's child;

   c. Failing to repair Plaintiff's perineal laceration post-delivery of Plaintiff's child; and

    d. Failing to use reasonable skill, diligence, and care in the treatment of Plaintiff.

## II.

## NEGLIGENCE OF LATRICE MARTIN, APRN, CNM

20. Plaintiff incorporates paragraphs 1-19 as if set forth here.

21. Defendant Latrice Martin, APRN-CNM held herself out to the public and to Plaintiff Myrissa Nosal, as competent and qualified in the field of obstetrics, pregnancy, and childbirth, and capable of managing care of mothers post-delivery.

22. Defendant Nurse Martin undertook and provided medical care to Myrissa Nosal and her child, Soul, and participated in and directed the management of Myrissa Nosal's prenatal care, labor, delivery, and post-delivery medical care before, on, and after January 30, 2016.

23. Defendant Nurse Martin had a duty to act as a reasonable and prudent healthcare provider in caring for Plaintiff Myrissa Nosal and her son, Soul.

24. Defendant Nurse Martin was negligent and deviated from the applicable standard of care in her care and treatment of Plaintiff Myrissa Nosal. Nurse Martin's acts and omissions fell below the applicable standard of care, in one or more of the following particulars:

    a. Failing to properly diagnose Plaintiff's perineal laceration post-delivery of Plaintiff's child;

    b. Failing to properly treat Plaintiff's perineal laceration post-delivery of Plaintiff's child;

    c. Failing to repair Plaintiff's perineal laceration post-delivery of Plaintiff's child; and

    d. Failing to use reasonable skill, diligence, and care in the treatment of Plaintiff.

### III.

### NEGLIGENCE OF THE MIDWIFE'S PLACE LLC

25. Plaintiff incorporates paragraphs 1-24 as if set forth here.

26. Defendant Midwife's Place LLC held itself out to the public and to Plaintiff Myrissa Nosal, as a corporation specializing in healthcare services and competent and qualified in the field of obstetrics, pregnancy, and childbirth, and capable of managing care of mothers post-delivery.

27. Defendants Rice and Martin were, at all times relevant, employees of Midwife's Place LLC and acted on its behalf and acted in the course and scope of their employment with the Midwife's Place.

28. Midwife's Place LLC, by and through its agents and employees, undertook and provided medical care to Myrissa Nosal and her child, Soul, and participated in and directed the management of Myrissa Nosal's prenatal care, labor, delivery, and post-delivery medical care before, on, and after January 30, 2016.

29. Midwife's Place LLC, by and through its agents and employees, had a duty to diagnose and treat Plaintiff Myrissa Nosal in accordance with the accepted standards of prevailing medical practice.

30. Defendant Midwife's Place LLC was negligent and deviated from the acceptable standard of care in its care and treatment of Plaintiff Myrissa Nosal. The Midwife's Place LLC was negligence in the following particulars:

   a. Failing to properly diagnose Plaintiff's perineal laceration post-delivery of Plaintiff's child;

   b. Failing to properly treat Plaintiff's perineal laceration post-delivery of Plaintiff's child;

   c. Failing to repair Plaintiff's perineal laceration post-delivery of Plaintiff's child; and

   d. Failing to use reasonable skill, diligence, and care in the treatment of Plaintiff.

31. All of the employees and agents of Midwife's Place, LLC acted for and under the supervision, direction, and control of Midwife's Place, LLC.

**DAMAGES**

32. As a direct and proximate result of each Defendant's negligence, and each of them, Plaintiff sustained the following damages:

   a. Permanent injury and damage to her perineum, perineal muscles, vaginal muscles, and pelvic floor muscles, requiring surgical repair and revision;

   b. Permanent painful scarring and disfigurement of perineum;

   c. Bowel dysfunction;

   d. Past and future lost wages in an amount to be determined at trial;

e. Past expenses for hospitalization, medical, nursing and drug expense in an amount to be determined at trial;

f. Future expenses for medical, physical therapy, counseling, and drug therapy;

g. Past physical pain, mental suffering, emotional distress, humiliation, inconvenience, and loss of enjoyment of life; and

h. Future physical pain, mental suffering, emotional distress, humiliation, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them as follows:

a. For an Order from this Court determining that the Nebraska Hospital-Medical Liability Act, Neb. Rev. Stat. §§ 44-2801 et. seq. is unconstitutional as previously alleged herein; and

b. For judgment against the Defendants on Plaintiff's cause of action, for general damages and special damages, interest and costs of this action as allowed by law.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all theories of recovery alleged in the Complaint.

                MYRISSA D. NOSAL, Plaintiff

By:    s/Michelle D. Epstein
        Michelle D. Epstein, #21936
        Jason G. Ausman, # 22261
        AUSMAN LAW FIRM PC LLO
        1015 N. 98th St., Ste. 102
        Omaha, NE  68114
        (402) 933-8140 (telephone)
        (402) 718-9423 (facsimile)
        michelle@ausmanlawfirm.com