IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MYRISSA D. NOSAL,

Plaintiff,

vs.

LATRICE MARTIN, APRN-CNM; RACHAEL RICE, APRN-CNM; and THE MIDWIFE'S PLACE LLC,

Defendants.

8:18CV14

**MEMORANDUM AND ORDER**

This matter is before the Court on the defendants' motion in limine, Filing No. 57 and the plaintiff's motions in limine, Filing Nos. 58 and 70. This is an action for medical malpractice.

I. LAW

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to

1

admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

II.     Defendants' Motion in Limine (Filing No. 57)

The defendants seek preclusion of several categories of evidence. The plaintiff does not object to several of those categories and submits that it will not offer evidence on those matters. There remain disputes on the following:

**Defendants' Motion in Limine No. 5**: to preclude discussions regarding why the Midwife's Place closed

Defendants contend that evidence of the reasons why The Midwife's Place closed and any apparent "political struggles between the midwives and the medical community" is not relevant and is unfairly prejudicial to Defendants. Fed. R. Evid. 401 & 403. Plaintiff argues that The Midwife's Place is a defendant in this lawsuit and contends that the contested statement was made in a letter sent by The Midwife's Place to all of its patients and is therefore a statement by a party opponent and not hearsay. Further, she argues the evidence is relevant and is not unfairly prejudicial.

The Court is inclined to believe this evidence is not relevant and could be unfairly prejudicial or confusing. The Court will admit the evidence at issue only on a showing that it is relevant to an issue in this case. Without a showing that the closing is somehow connected to the issues in this case, the motion will be granted.

**Defendant's Motion in Limine No. 6:** to preclude testimony regarding defendants' writing off any medical bills for the plaintiff

Defendants contend this evidence is not relevant, is unfairly prejudicial, and inadmissible as part of settlement negotiations. The plaintiff contends the evidence constitutes an admission by a party-opponent—not hearsay, and argues it is relevant to how the defendants viewed the value of the services provided to Ms. Nosal. She

2

disputes the defendants' contention that the matter was part of any settlement negotiations.

The Court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. The Court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under [Fed. R. Evid. 403](). The Court finds the defendants' challenge is more in the nature of an objection to be raised at trial. Accordingly, the Court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection at trial.

> **Defendant's Motion in Limine No. 8:** to preclude any references by counsel for plaintiff to the jury acting as the "conscience of the community" or the "voice of the community" or suggesting a decision for plaintiff would be for the "betterment of the community" or improve the "safety" of medical care for others

The defendants contend the references would be unduly prejudicial and would incite the jury. The plaintiff argues that the issues of the jury acting on behalf of the community and patient safety are central this case.

The Court notes the statements are in the nature of argument and should not be raised in voir dire or opening statements. The Court will grant the motion in limine to that extent. The Court will reserve ruling on whether any such references, arguments, or statements can be raised later in the trial or in closing argument. Unless the defendants present the Court with Nebraska caselaw precluding such arguments, the Court will permit the plaintiff to argue such points in closing, assuming the evidence supports it. The Court will instruct the jury on the standard of care. To the extent counsel's comments misstate the law, such statements will not be allowed.

**Defendant's Motion in Limine No. 9:** to preclude statements regarding the need to punish the defendants, or to send the defendants a message.

Defendants contend such statements are inadmissible and improper as irrelevant and unduly prejudicial. The plaintiff concedes references to punishment should not be allowed, but objects to any limitation of statements about "sending a message." Because punitive damages are not allowed in Nebraska, the Court will sustain the objection to that extent. "Sending a message" language may be appropriate depending on context. Again, the language appears to be argument. The motion will be denied without prejudice to reassertion at trial.

**Defendants' Motion in Limine No. 11:** to preclude comments, statements or questions of witnesses regarding the experts for the defendants "sticking up for each other," or "testifying for one of their own."

Defendants' contend such statements would lack foundation and would incite prejudice against Defendants or create sympathy for the plaintiff. The plaintiff contends the defendants lack authority for their position and the argument is without merit.

The Court again notes the statements appear to be in the nature of argument. The Court finds a wholesale preclusion of such argument is not warranted. The evidence may be appropriate on cross examination as it touches on credibility, but the Court cannot make that determination at this time. The Motion will be denied without prejudice to reassertion at trial.

**Defendants' Motion in Limine No. 12**: to preclude evidence of safety rules

The defendants argue that such terminology misrepresents the standard of care. The plaintiff responds that there is no support for such a ban. The standard of care is a question of law and it is the function of the court to instruct the jury thereon. The parties are cautioned not to misstate the law; however, the Court cannot assess the potential

4

relevance of any such "safety" information in this context. It may be admissible for a limited purpose and may warrant a cautionary instruction, but the Court cannot determine the ambit of such an instruction at this time. The motion will be denied without prejudice to reassertion.

**Defendants Motion in Limine No. 13:** To preclude evidence of opinions about plaintiff's loss of earning capacity

The defendants contend the plaintiff should not be allowed to present evidence of loss of future earning capacity because no expert has been designated to opine on the topics and no opinions, to a degree of reasonable certainty, have been presented in this case. The plaintiff argues that Nebraska law provides that neither expert medical nor vocational testimony is required to instruct the jury on loss of earning capacity.

The Court agrees that the testimony of the plaintiff as to her injury's effect on her work is sufficient. See *Wortman v. Nw. Bell Tel. Co.*, 195 Neb. 637, 640 (1976). The Court finds the defendants' motion should be denied. The plaintiff will be permitted to present evidence of loss of earning capacity. The testimony will be subject to objections, as necessary, at trial.

**Defendants Motion in Limine No. 15:** to preclude evidence from Plaintiff's expert Dr. Mary Jo Olson against Defendant Latrice Martin

Defendants contend that Dr. Olson testified in her deposition that she did not know what the standard of care was for a midwife at a Day 2 and a 2-week postpartum visit, and therefore she should not be allowed to opine whether Latrice Martin met the standard of care or failed to meet the standard of care at the Day 2 and 2-week postpartum visits. The plaintiff contends that Dr. Olson has opined that the standard of care with respect to treating postpartum vaginal or perineal laceration is the same for family practice physicians, certified nurse midwives, and obstetricians. The Court finds

the defendants' objections go more to the weight than the admissibility of such evidence. Contradictory statements in a deposition can be addressed through impeachment. Accordingly, the defendants' motion will be denied.

**Defendants' Motion in Limine No. 17:** to preclude evidence of the fairness and reasonableness of the plaintiff's medical bills

Defendants contend that neither of the Plaintiff's physician experts, Dr. Olson or Dr. Berryman, reviewed the plaintiff's medical bills and neither were able to testify to their purported fairness and reasonableness. The plaintiff responds that defense counsel's questioning in a discovery deposition does not negate a party's expert disclosures in this regard. She argues the discovery depositions of Drs. Olson and Berryman were not taken for trial purposes and the plaintiff was not required to adduce trial testimony in those depositions. She concedes, however, that if the witnesses do not have sufficient foundation to provide opinions at trial, the testimony should be excluded. The fairness and reasonableness of medical bills is not ordinarily a topic of dispute. Parties generally stipulate to fairness and reasonableness. To the extent there is an actual issue of disputed fact on the fairness and reasonableness of the bills, the Court will address the issue at trial. The Court finds the motion should be denied at this time, subject to establishment of proper foundation.

**Defendants' Motion in Limine No. 19:** to preclude evidence of permanency of the plaintiff's alleged injuries

The record shows the plaintiff disclosed the expert to opine on permanency. The issue appears to be a question of weight, not admissibility. Any alleged shortcomings in the witnesses' testimony can be pursued in cross-examination. The plaintiff concedes that the testimony should be excluded if sufficient foundation is not established. Also, only evidence properly disclosed and supplemented under the Federal Rules will be

allowed. Accordingly, the motion will be denied at this time, subject to reassertion at trial.

> **Defendants' Motion in Limine No. 20:** to preclude evidence relating to whether a discussion with the plaintiff was required at the time of the laceration repair immediately post-delivery

Defendants argue that any such discussions are irrelevant absent a claim for lack of informed consent. Plaintiff agrees she does not assert a lack of informed consent cause of action but argues that the absence of such a claim means only that the jury should not be separately instructed on this theory of recovery, not that evidence of a lack of discussion should be inadmissible. She argues that evidence, expert or otherwise, regarding post-delivery discussions or lack thereof is relevant and admissible to the medical negligence cause of action.

The Court cannot assess the relevance of any such evidence in the context of a pretrial motion. The Court is inclined to believe that a wholesale exclusion is not warranted. The Court will admit evidence only on a proper showing of relevance and foundation, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The Court cannot assess the probative value of any such evidence at this time. The defendants' motion will be denied without prejudice to reassertion.

III. Plaintiff's Motion in Limine (Filing No. 59)

The defendants concede several motions. There remain disputes on the following:

**Motion in Limine No. 1:** to preclude evidence of any medical treatment, symptoms, complaints, or conditions not related to Plaintiff's pregnancy, labor, or delivery at issue in this case.

Defendants state that the evidence of the plaintiff's medical treatment, symptoms, complaints and conditions not related to her pregnancy, labor and delivery is relevant to issues of damages and to the credibility of the plaintiff and her expert witnesses. The Court finds that the defendants' contention is generally in the nature of a relevance objection to be interposed at trial. Evidence will be permitted only if relevant to the issues at trial. Since the plaintiff has put her mental health at issue, the defendants should generally be allowed to refute her contentions. A blanket prohibition of the testimony is not warranted. The evidence will be permitted only on a showing of connection to the matters at issue. Accordingly, the motion will be denied without prejudice to reassertion.

**Plaintiff's Motion In Limine No. 2:** to preclude medical treatment prior to the time Plaintiff reached age 19

The evidence will be permitted on proper foundation and a showing of relevance to the issues, and only to the extent its probative value outweighs the possibility of confusion or prejudice. The Court cannot determine the admissibility of any such evidence at this time.

**Plaintiff's Motion in Limine No. 3:** to preclude evidence regarding conversations the plaintiff's mother had with healthcare providers when the plaintiff was a minor.

The Court is unable to rule on the motion without hearing the evidence. The defendants suggest that the Court reserve ruling on the motion until trial and the Court agrees. Accordingly, the matter will be addressed at trial.

**Plaintiff's Motion in Limine No. 4:** to preclude evidence related to the plaintiff's suicidal ideations, anxiety disorder, beliefs about dental care, sexually transmitted diseases, eating disorders, and self-mutilation

The plaintiff's prior medical and psychiatric history are may be relevant to her credibility and her damages claim, but the Court cannot determine the admissibility of this evidence in the context of a pretrial motion. The motion will be denied without prejudice to reassertion at trial.

**Plaintiff's Motion in Limine No. 5:** Evidence related to Plaintiff being a smoker or smoking prior to her pregnancy

The plaintiff contends the such evidence is not relevant to the issue the jury will decide at trial and has not been disclosed as being relied upon by any expert witness who will testify in this case or having relevance to any expert opinion disclosed in this case. Defendant contends that evidence of the plaintiff being a smoker is relevant to her credibility and damages. The Court finds the relevance of this evidence seems tenuous. The defendants may pursue the issue only on a showing of relevance to the issues in the case. Generally, given the limited relevance of the evidence, it appears to be outweighed by the danger of prejudice, but the Court cannot make that determination at this time. To the extent the evidence relates to the plaintiff's character and portrays her in a negative light, the evidence will not be permitted.

**Plaintiff's Motion in Limine No. 6**: to preclude evidence of the plaintiff's vegetarian diet

The plaintiff argues the evidence is irrelevant and is only an attempt to portray the plaintiff in a negative light and to prejudice the jury. The defendants contend that evidence of the plaintiff's diet and nutrition is relevant to her credibility, wound care and wound healing, and damages claim. The Court is unable to rule on this evidence in the context of a motion in limine but notes that the information is of limited value if no

9

experts have opined on the issue. The defendants will be required to make a proper showing of foundation and relevance with respect to this issue. The Court is inclined to grant the motion but will reserve ruling until trial.

> **Plaintiff's Motion in Limine Nos. 7 to 10:** to preclude evidence of sexual abuse by a family member at the age of four; opinions of law firms; family history of mental illness; and plaintiff's sexual history

The plaintiff contends this evidence is irrelevant and prejudicial. The defendant contends it may be necessary to respond to evidence presented by the plaintiff or for impeachment. The Court agrees with the plaintiff that the evidence is irrelevant or unduly prejudicial and such evidence will be precluded unless the plaintiff opens the door.

> **Plaintiff's Motion in Limine No. 11**: to preclude reference to medical records not in evidence

Defendants ask the Court to reserve ruling, contending references to medical records not in evidence may be necessary for impeachment. The Court will address the issue at trial if necessary.

> **Plaintiff's Motion in Limine No. 13**: to preclude reference to the financial status of either party

Defendants contend the plaintiff's financial status is relevant to her credibility, damages, and subsequent medical treatment. The Court is unable to determine the admissibility of the plaintiff's financial status in the context of a pretrial motion. The motion will be denied without prejudice to reassertion at trial.

**Plaintiff's Motion In Limine No. 15:** to preclude evidence of criminal charges or convictions

The plaintiff contends evidence of a misdemeanor charge of false reporting is inadmissible under Fed. R. Evid. 609(b). The defendants assert that the charge of false reporting goes to the plaintiff's truth and veracity, and they contend they should be allowed to inquire into this at trial. The Court finds the evidence is not admissible under the rules and the plaintiff's motion will be granted.

IV. Plaintiff's Second Motion in Limine (Filing No. 70)

> ***Motion In Limine***: to preclude evidence, argument, or questioning which directly states or implies that: a) Any action on the part of Mary Jo Olson, M.D. caused plaintiff injury or aggravated or made plaintiff's January 30, 2016 injuries worse; and b) Dr. Mary Jo Olson's care and treatment of plaintiff fell below the appropriate standard of care

The above issues are not listed by the parties as controverted issues and the Court finds plaintiff's motion should be granted.

IT IS ORDERED:

1. Defendants' motion in limine (Filing No. 57) is granted in part and denied in part as set forth in this order.

2. Plaintiff's motion in limine (Filing No. 58) and second motion in limine (Filing No. 70 ) are granted in part and denied in part as set forth in this order.

Dated this 13th day of November, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge