IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MYRISSA D. NOSAL,<br><br>                Plaintiff,<br><br>vs.<br><br>LATRICE MARTIN, APRN-CNM; RACHAEL RICE, APRN-CNM; and THE MIDWIFE'S PLACE LLC,<br><br>                Defendants. | 8:18CV14<br><br>**ORDER** |

This matter is before the Court on the defendants' motion, Filing No. 80, for reconsideration of the Court's ruling on the plaintiff's second motion in limine, Filing No. 78. The plaintiff sought preclusion of "[e]vidence, argument or questioning which states or implies that any action on the part of Dr. Mary Jo Olson caused Plaintiff's injury or aggravated or made Plaintiff's January 30, 2016 injuries worse; and Dr. Olson's care and treatment fell below the appropriate standard of care." The Court found the plaintiff's motion should be granted because the issues were not controverted in the Pretrial Order.

The defendants contend that, although they "do not have an expert who will testify outright that Plaintiff's expert Dr. Olson breached the standard of care or caused Plaintiffs injuries," Dr. Olson should be permitted to "testify to the facts, as she did in her deposition," which, combined with the expert testimony, will show that "Dr. Olson will implicate herself that she fell below the standard of care and may have caused or contributed to Ms. Nosal's injuries." Filing No. 76.

The defendants have not asserted affirmative defenses of intervening cause, comparative negligence, or assumption of risk. Dr. Olson can testify to the facts—to what she did—but the court will not allow testimony or argument that goes to any breach of the standard of care or negligence by Dr. Olson. Dr. Olson's conduct has not been put at issue, no affirmative defenses have been asserted, and the subject of Dr. Olson's conduct was not set out as controverted in the pretrial order. To the extent the evidence may relate to the plaintiff's burden to prove causation and the nature of the injury, some testimony may may be appropriate. The Court can address the issue at a bench conference before such evidence is adduced. However, the defendants may not argue affirmative defenses that have never been pled or put at issue and may not imply that Dr. Olson breached the standard of care when there is no expert testimony to that effect. Accordingly, the motion for reconsideration will be denied. The Court's previous ruling will stand.

IT IS ORDERED that the defendants' motion for reconsideration (Filing No. 80) is denied.

Dated this 14th day of November, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge